United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVETTE RENEE CALVIN,<br><br>    Plaintiff,<br><br>    v.<br><br>HALLCON CORPORATION,<br><br>    Defendant. | Case No. 24-cv-08728-RS<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |

    Plaintiff Yvette Renee Calvin, proceeding *in propria persona*, identifies herself in the caption of the complaint as "YVETTE RENEE CALVIN – VESSEL c/o Yvette Renee Calvin - Living Wo-Man." The gravamen of Calvin's complaint is that she was terminated from her job as truck driver when her employer, Hallcon Corporation, complied with the demands of its client, Google, Inc., that vendors coming on to Google sites either receive a COVID-19 vaccine or obtain a medical or religious exemption. Calvin alleges she advised Hallcon "that she was not getting the vaccine under any circumstance," but she does not allege she requested a medical or religious exemption.

    Hallcon filed a motion to dismiss on December 30, 2025. Shortly before plaintiff's opposition was due, an order issued reassigning the action and vacating the briefing schedule. Hallcon then renoticed the motion. Although the local civil rules do not unambiguously set the deadline for opposition to a motion to dismiss in these precise circumstances, under any reasonable interpretation, plaintiff's opposition is past due.

More fundamentally, plaintiff cannot assert prejudice because no opposition arguments would suffice to avoid dismissal, and because plaintiff will be granted leave to amend. Pursuant to Civil Local Rule 7-1(b), the motion to dismiss is suitable for disposition without oral argument and the hearing set for February 6, 2025, is vacated.

Although Calvin's pleadings are to be construed liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds* by *Lacey v. Maricopa County*, 693 F.3d 896, 925–28 (9th Cir. 2012); *accord Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); *Jacobsen v. Filler,* 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").Without prejudice to any other arguments presented by defendant, dismissal must be granted for at least all of the following reasons.

1. On their face, the claims appear to be barred by the statute of limitations. Plaintiff expressly alleges her employment was wrongfully terminated on 10/31/2021. This action was filed on 12/04/2024, more than three years later. Plaintiff cannot proceed without alleging facts supporting tolling of the statute or otherwise showing why the claims are not time barred.

2. The discrimination claim fails because plaintiff does not allege that she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or the California Civil Rights Department ("CRD") and received a right to sue letter prior to filing the complaint.

3. To the extent plaintiff asserts constitutional claims, she has failed to allege sufficient facts that would show Hallcon was a state actor or that it otherwise is potentially liable under 42 U.S.C. §1983 or any other statutory scheme.

Accordingly, the complaint must be dismissed. Any amended complaint should include paragraph numbers, as specified by Rule 10 of the Federal Rules of Civil Procedure, and should otherwise comply with that rule.

Any amended complaint must be filed by February 28, 2025. In the event plaintiff files no amended complaint, this action will be dismissed without prejudice and without further notice.

**IT IS SO ORDERED**.

Dated: January 21, 2025

_____
RICHARD SEEBORG
Chief United States District Judge