UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YVETTE RENEE CALVIN,

    Plaintiff,

    v.

HALLCON CORPORATION,

    Defendant.

Case No. 24-cv-08728-RS

**ORDER GRANTING MOTION TO DISMISS**

    Plaintiff Yvette Renee Calvin, proceeding *in propria persona*, identifies herself in the caption of both the original and amended complaints as "YVETTE RENEE CALVIN – VESSEL c/o Yvette Renee Calvin -Living Wo-Man." The gravamen of Calvin's claim is that she was terminated from her job as a truck driver when her employer, Hallcon Corporation, complied with the demands of its client, Google, Inc., that vendors coming onto Google sites either receive a COVID-19 vaccine or obtain a medical or religious exemption. Calvin alleges she advised Hallcon "that she was not getting the vaccine under any circumstance," but she does not allege she requested a medical or religious exemption.

    Calvin's original complaint was dismissed, with leave to amend, because (1) on their face, the claims appeared to be barred by the statute of limitations, given that Calvin expressly alleged her employment was wrongfully terminated on 10/31/2021, more than three years prior to the filing of this action on 12/04/2024; (2) the discrimination claim failed because Calvin had not alleged she filed a charge of discrimination with the Equal Employment Opportunity Commission

("EEOC") or the California Civil Rights Department ("CRD") and received a right to sue letter prior to filing the complaint; and, (3) to the extent Calvin intended to assert constitutional claims, she had not alleged sufficient facts to show Hallcon was a state actor or that it otherwise was potentially liable under 42 U.S.C. §1983 or any other statutory scheme.

The pleading deemed to be Calvin's amended complaint (see Dkt. Nos. 21 and 22) includes allegations that she filed claims with, and received right to sue letters from both the EEOC and the CRD. Although Hallcon contends the administrative complaints were untimely, there is no basis to dismiss the complaint at this juncture for failure to pursue administrative remedies. Any constitutional claims Calvin may still be intending to pursue, however, remain fatally flawed by her failure to show Hallcon was a state actor or that it otherwise is potentially liable under 42 U.S.C. §1983 or any other statutory scheme.

More fundamentally, however, Calvin has alleged no facts sufficient to avoid the bar of the statute of limitations, which she acknowledges expired at least 222 days before she filed this action, even assuming the applicability of extensions provided by rule in light of the COVID-19 pandemic. Calvin alleges she had caregiving responsibilities for her mother up until her death on June 15, 2023, and emotional distress thereafter. Calvin also contends she was disabled by a back injury between 2021 and 2022, and continued to need chiropractic treatment through April of 2024. Without disrespect to how challenging these circumstances may have been for Calvin, they do not rise to a level that would support equitable tolling sufficient to render her complaint timely.

The motion to dismiss the amended complaint is granted, without further leave to amend.[1] A separate judgment will enter.

---

[1] Calvin's request that her response to the present motion be considered notwithstanding its late filing, see Dkt. No. 30, is granted. The response, see Dkt. No. 29, however, does not provide a basis to avoid dismissal.

**IT IS SO ORDERED**.

Dated: July 29, 2025

_____
RICHARD SEEBORG
Chief United States District Judge